**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **TYEASHA JOHNSON, on behalf of herself and others similarly situated,** | |
| **Plaintiff,** | **CASE NO. _____** |
| **v.** | |
| **HIMAGINE SOLUTIONS, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff TYEASHA JOHNSON, individually and on behalf of all others similarly situated, by her attorneys, for her Complaint against Defendant HIMAGINE SOLUTIONS, INC. ("Himagine"), alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") on behalf herself and all current and former remote Coders (hereinafter, regardless of precise title, referred to as "Coders") who work and/or worked for Himagine within the United States (the "Collective" or "Collective Action Members").

2.     Himagine violated the FLSA by failing to pay Plaintiff and the Collective Action Members premium overtime compensation.  Plaintiff and the Collective Action Members are entitled to unpaid overtime compensation from Himagine for all hours worked by them in excess of forty (40) hours in a workweek, and are also entitled to liquidated damages pursuant to the FLSA.

3.      As stated on their website, Himagine is the largest privately held Healthcare Information Management (HIM) outsourcing company in the U.S., supporting 250 clients across 50 states. Himagine works with children's and specialty hospitals, academic medical centers, large health systems, small rural and secondary market facilities, and physician and group practices across multiple specialties. Approximately 90% of their 1,200 employees are HIM professionals and they employ a team of 70+ HIM leaders who manage, audit, and support their field-based coders and registrars.

4.      Himagine employs Coders to work from home nationwide and uniformly classifies them as non-exempt from overtime compensation under the FLSA.

5.      Coders are generally assigned to one or more medical facilities/practices who are Himagine's clients.  Coders review medical records and assign appropriate medical codes to medical treatment and care provided by the facilities/practices to whom they are assigned.  The codes are used by organizations, including insurance companies, to review care provided and determine compensability and reimbursement for the care provided.  In addition to coding work, Coders perform related tasks such as corresponding by email, participating in phone conferences, engaging in quality control review, and other tasks related to their coding work.

6.      Pursuant to a uniform, companywide policy and practice, Himagine failed to accurately track or record the actual hours worked by its Coders.  Himagine furthered this wrongful policy by: (i) failing to provide Coders with a way to accurately record the hours they actually worked; (ii) permitting Coders to work before and after they "clock in" to Himagine's timekeeping system; and (iii) knowingly allowing Coders to work beyond the hours recorded.

7.     Himagine communicated efficiency expectations to its Coders, requiring Coders to perform a certain measurable amount of work each shift.  Failure to perform the expected amount of work in the scheduled shift results in the Coders being considered inefficient, jeopardizing the amount and favorability of their future assignments.  Repeated inefficient ratings could lead to termination.  Himagine is aware that the natural result of its policy is that Coders will report having completed all of their work within an allotted shift, even if the work took them longer than the allotted shift, for the sake of maintaining their efficiency rating.  Doing so enabled Coders to keep their assignments and their jobs.

8.     Himagine could have readily and accurately used electronic timekeeping to more accurately track the hours Coders worked.  However, Himagine relied largely on self-reporting by Coders, facilitating Coders' underreporting of hours worked.  Himagine paid Coders only for the underreported hours, despite knowing Coders worked more hours, frequently more than 40 hour per week.

9.     Himagine also told its Coders that overtime was not permitted without prior authorization from management.  However, such requests were regularly denied and met with threats of reduced workload assignments (and less than full-time employment) if the requesting Coder's work was not completed within the allotted shifts.

10.     Himagine's systematic failure and refusal to pay Plaintiff and all other similarly situated Coders for all hours worked over 40 in a workweek violates the FLSA.

11.     Plaintiff alleges on behalf of herself and all similarly situated current and former Coders, however variously titled, employed by Himagine in the United States and who elect to opt-in to this action pursuant to the FLSA that they are entitled to: (i) unpaid wages for unpaid hours worked in excess of 40 in a workweek; (ii) liquidated damages, and (iii) reasonable attorneys' fees and costs, pursuant to the FLSA.

## THE PARTIES

*Plaintiff*

12.     Plaintiff Johnson worked for Himagine from in or about March 2015 to in or about April 2017.

13.     Pursuant to Himagine's policy, pattern or practice, Plaintiff regularly performed work as a Coder for Himagine's benefit without receiving all legally mandated compensation. Specifically, Himagine did not pay Plaintiff overtime compensation for all hours he worked as a Coder in excess of 40 hours in a workweek, in violation of the FLSA, Wage Claim Act and Minimum Wage Order

14.     Plaintiff's written Consent to Join this action is attached as **Exhibit A**.

*The Defendant*

15.     Himagine Solutions, Inc. is a Florida corporation with its principal place of business located in St. Louis, Missouri.

16.     Himagine employed Plaintiff and other similarly situated current and former Coders and, at all material times, directly and/or indirectly, jointly or severally, controlled and directed Plaintiff's and the Collective Action Members' terms of employment and compensation.

17.     Himagine had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former Coders, including, without limitation, those terms and conditions relating to the claims alleged herein.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1337.

19.     In addition, the Court has subject matter jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. § 201 *et seq.*, pursuant to 29 U.S.C. § 216(b).

20.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 216(b).

21.     Himagine is subject to personal jurisdiction in Missouri.

22.     Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims in this Class and Collective Action Complaint occurred within this District.

23.     Himagine is a covered employer within the meaning of the FLSA, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff brings FLSA overtime claims on behalf of herself and all similarly situated persons who work or have worked for Himagine as Coders since during the three years preceding the filing of this lawsuit who elect to opt in to this action.[1]

25.     Himagine is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective Action Members.  There are many similarly situated current and former Coders who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

26.     Those similarly situated Coders are known to Himagine, are readily identifiable, and can be located through Himagine's records.  Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).  Plaintiff and the Collective Action Members worked for Himagine as Coders and regularly worked more than 40 hours a week.

---

[1] Plaintiff and Defendant previously entered into a tolling agreement, tolling the claims of Plaintiff and Opt-In Brian Hazel from November 1, 2019 through April 6, 2020.

## **FACTUAL ALLEGATIONS**

27.     Himagine failed to pay Plaintiff and the Collective Action Members all overtime compensation due and owing to them for the hours they worked in excess of 40 in a workweek. Plaintiff's and the Collective Action Members' time worked is not tracked until they clock in on a timekeeping program on a computer.  However, Plaintiff and the Collective Action Members perform and/or performed work without compensation both before they clock in and after the clock out on their computers.

28.     Himagine failed to keep accurate records of the hours worked by Plaintiff and the Collective Action Members.

29.     Throughout the relevant period, it has been Himagine's policy, pattern or practice to require, suffer, or permit Plaintiff and the Collective Action Members to work in excess of 40 hours per week without paying them premium overtime compensation.

30.     Himagine assigned all of the work that Plaintiff and the Collective Action Members performed and/or Himagine was aware of the work that they performed.

31.     Plaintiff and the Collective Action Members performed the same or similar primary job duties, which are non-exempt.

32.     Himagine has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA, and applicable state law, with respect to Plaintiff and the members of the Collective, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Himagine's Missouri headquarters.  This policy, pattern or practice includes but is not limited to:

(a)     willfully failing to record all of the time that Plaintiff and the Collective Action Members have worked for the benefit of Himagine;

(b)     willfully failing to keep accurate payroll records as required by the FLSA;

6

(c)      willfully failing to credit Plaintiff and the Collective Action Members for all overtime hours worked, consistent with the requirements of the FLSA; and

(d)      willfully failing to pay Plaintiff and the Collective Action Members overtime compensation for hours that they worked in excess of 40 hours per workweek.

33.      Himagine is aware or should have been aware that federal law required them to pay their employees performing non-exempt duties an overtime premium for all hours worked in excess of 40 hours per workweek.

34.      Himagine's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act:  Unpaid Overtime Wages**
**Brought on Behalf of Plaintiff and Similarly Situated Current and Former**
**Coders Against Defendant**

35.      Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

36.      Himagine has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the Collective, as detailed in this Complaint.

37.      At all relevant times, Plaintiff and Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

38.      The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Himagine.

39.      Himagine is an employer of Plaintiff and the Collective Action Members and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

40.      At all relevant times, Plaintiff and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

41.     Himagine has failed to pay Plaintiff and the Collective Action Members all overtime compensation to which they are/were entitled under the FLSA.

42.     Himagine has failed to keep accurate records of time worked by the Plaintiff and the Collective Action Members.

43.     Himagine's violations of the FLSA, as described in this Collective Action Complaint, have been, and continue to be, willful and intentional.

44.     Himagine is aware of its obligations under the FLSA, but did not make a good faith effort to comply with the FLSA with respect to its time keeping and compensation of Plaintiff and the Collective Action Members.

45.     Because Himagine's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

46.     As a result of Himagine's willful violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated members of the Collective, prays for the following relief:

A.     At the earliest possible time, Plaintiff should be allowed to give notice of this class and collective action, or the Court should issue such notice, to all Collective Action Members who are/were employed by Defendant during the applicable statute of limitations.

Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

   B. Unpaid wages, statutory penalties and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.*, the supporting United States Department of Labor regulations, as well as Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

   C. An injunction enjoining Defendant from violating the foregoing laws and regulations in the future;

   D. Pre and post-judgment interest;

   E. A reasonable incentive award for the Plaintiff to compensate her for the time and effort he has spent protecting the interests of other Coders, and the risks she has undertaken;

   F. Attorneys' fees and costs of the action, including expert fees; and

   G. Injunctive, equitable, or other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

  Plaintiff demands a trial by jury on all questions of fact raised by this Collective Action Complaint.

Dated:  April 23, 2020     Respectfully submitted,

         **STUEVE SIEGEL HANSON LLP**

         */s/ George A. Hanson*
         George A. Hanson, Mo. 43450
         Alexander T. Ricke, Mo. 65132
         460 Nichols Rd, Suite 200
         Kansas City, MO 64112
         Tel: (816) 714-7100
         Fax: (816) 714-7101
         hanson@stuevesiegel.com
         ricke@stuevesiegel.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* forthcoming)
Alan L. Quiles (*pro hac vice* forthcoming)
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Tel: (561) 447-8888
Fax: (561) 447-8831
gshavitz@shavitzlaw.com
aquiles@shavitzlaw.com

*Attorneys for Plaintiff and the Putative Collective*

10